**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES POSTAL SERVICE,** | ) | **Case No.  1:10CV1670** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| **vs.** | ) | |
| | ) | |
| **NATIONAL ASSOCIATION OF** | ) | |
| **LETTER CARRIERS, AFL-CIO,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

Plaintiff United States Postal Service ("USPS") filed this action seeking an order vacating that portion of an April 30, 2010 arbitration decision awarding damages for the period August 5, 2009, to April 30, 2010.  USPS is not challenging the arbitrator's decision that it violated the National Agreement and the Local Memorandum of Understanding, nor the award of damages for the period July 13, 2009, through August 4, 2009.

The Court conducted a lengthy Case Management Conference on November 9, 2010, during which counsel and the party representatives discussed their respective positions.  In summary, USPS argues that the portion of the arbitrator's decision awarding damages from August 5, 2009 forward must be vacated because there was no evidence presented at the

arbitration past August 4, 2009.  Defendants, National Association of Letter Carriers, AFL-CIO, maintains that the arbitrator must have heard and credited evidence of a continuing violation past August 4, 2009, and that the Court should simply remand the case back to the arbitrator to clarify this point.

The Court agrees in part and disagrees in part with each side, and has determined to vacate and remand that portion of the arbitrator's decision awarding monetary damages after August 4, 2009.  The Court's role in this matter is to determine whether the record sufficiently supports the arbitrator's factual findings, *AK Steel Corp. v. United Steelworkers of America*, 163 F.3d 403, 407 (6th Cir. 1998), and to make sure that the arbitrator did not act beyond her authority by entering an award that lacks rational support.  *DBM Technologies, Inc. v. Local 227, United Food & Commercial Workers Int'l Union*, 257 F.3d 651, 659 (6th Cir. 2001).  The date of the incident that precipitated the grievance was July 13, 2009.  The problem with the arbitrator's decision is that she specifically states that "[t]o illustrate the ongoing nature of the grievance, the Union presented evidence up [sic] August 4, 2009," but two sentences later finds, without any evidentiary support, "[t]he dates from July 13, 2009 to the date of this award must be included in the remedy."  (Ex. 1 at 10-11.)

It is axiomatic that to support an award of damages past August 4, 2009, there must be evidence to support a violation past that date.  There may have in fact been evidence produced during the arbitration which the arbitrator credited to support this conclusion, but the arbitrator stated that evidence was produced only through August 4.  There was no transcript made of this arbitration, so the Court is not in the position to resolve this factual issue.  An additional concern is that there is no indication that the record was supplemented after the

hearing, so there seems to be no conceivable basis for an award of damages from the date of the hearing (February 9, 2010) to the date of the decision (April 30, 2010).

Accordingly, the Court **VACATES** that portion of the arbitrator's decision awarding monetary damages for the period August 5, 2009, through April 30, 2010, and **REMANDS** this matter to the arbitrator.  If the arbitrator wishes to award monetary damages past August 5, 2009, all she need do is recite that evidence was produced during the arbitration establishing a violation by USPS continuing up to and including the date she is awarding monetary damages.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster    November 10, 2010*
**Dan Aaron Polster**
**United States District Judge**